UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Zachary Faljean
                              **Plaintiff,**              CV: 20-4225

v.

**Security Credit Systems, Inc.**
                              **Defendant.**
------------------------------------------------------------------X

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual, statutory damages and punitive **Zachary Faljean**, an individual consumer, (hereinafter "**Faljean**" or "Plaintiff") against **Security Credit Systems, Inc.** (hereinafter "**SCS**" or "Defendant")for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; for violation of New York General Business Law §349 (hereinafter GBL §349) which prohibits deceptive acts or practices in the conduct of any business; trade, or commerce or in the furnishing of any service in the State of New York.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this district is proper in that the Defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and as such has jurisdiction to rule on violations of GBL §349.

### III.  PARTIES

4. Plaintiff, **Faljean,** is a natural person residing in Nassau County located in Jericho, NY; a "consumer" as that term is defined by 15 U.S.C. §1692a (3); and a person affected by a violation of the FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §1692.

5. Defendant, SCS is a New York state corporation registered to do business in New York State; primarily involved and engaged in the business of collecting debt in New York State. SCS has its principal place of business located at 100 River Rock Drive, Suite 200, Buffalo, NY 14207 and Defendant regularly attempts to collect debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

6. Defendant, SCS is engaged in the collection of debts from consumers using the mail and the telephone. The Defendant regularly attempts to collect consumer debts alleged to be due to another. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff allegedly opened an account with St. Thomas Aquinas, which was the original creditor. At some point in time, the debt was transferred to the debt collector, SCS, and they began servicing the account xxxxx968.

9. Upon information and belief, Faljean was contacted by "Mr. Grant" of SCS, at 11:56 am on August 20, 2020 from the phone number 1-716-919-1069, *See* **Exhibit "A"**. Mr. Grant initially spoke for 8 minutes to Faljean on that call and spoke again two other times during that day.

9. Upon information and belief, Mr. Grant of SCS intentionally called Faljean with the purpose to harass and aggravate. Faljean told Mr. Grant that he was leaving for Army boot camp in a few days and would not be able to look into paying this debt until he returned in a few months. Mr. Grant misrepresented the truth and gave Faljean false information by telling him that he would have a judgment against him before he would return. This is a blatant lie as it takes well over a few months to get a judgment if it went unopposed. It is also more egregious that Mr. Grant either knows or should know that the state courts are not working at their full capacity and although they are not closed, they certainly are moving at a slow pace due to Covid-19 and that his statement is a blatant lie. *See* **Exhibit "B"; Mr. Faljean's Affidavit of Merit**.

10. Mr. Grant also asked Faljean to use his Army sign on bonus to pay the debt now and borrow the money and repay that person later. Furthermore, Mr. Grant pushed Faljean to pay today via credit card and that if this debt was not paid today that it would affect his credit report; that the military would know about it; and that they would dock his salary by 10%.

11. Mr. Grant intentionally and egregiously used scare tactics for a soon to be United States soldier to try to force him to pay this debt immediately.

12. In addition, SCS claimed that Faljean owed $2,135.00 for an alleged debt, that Faljean is unsure of the debt. SCS sent Faljean an initial letter pursuant to 15 U.S.C. §1692G notice requirements dated on July 21, 2020. If it was dated for July 21, 2020, then it is unlikely that it was mailed and received until approximately July 23, 2020 or later. See **Exhibit "C"; Initial collection letter**. Thus, pursuant to 15 U.S.C. §1692G(b), SCS can not pursue collection efforts until after the 30-day validation period is expired and Faljean's attorney sent a validation letter on his behalf on August 21, 2020.

13. In addition, a person believed to be Mr. Grant called Faljean from 1-716-919-1069 at 1:26 pm and on August 24, 2020, after SCS had received a letter informing them that Faljean was represented by an attorney and that they should provide evidence of this debt. The voice message left on Faljean's cellular phone did not identify the name of the person calling and claimed this was an "important" call after Faljean already told him that he could not pay this debt.

14. SCS also claimed by Mr. Grant that the debt was $2,135, when in fact it was $1,910.00 pursuant to the response letter from SCS dated September 3, 2020 and received September 9, 2020. See **Exhibit "D"; Response to Verification of Debt**. SCS is a debt collector as indicated in their website ",," See Hyperlink below

https://www.securitycreditsystems.com/Default.aspx?ReturnUrl=%2f

15. Upon information and belief, SCS allegedly has a pattern and practice of deceptive business practices in collecting debts. *See* Hyperlink

   https://www.consumerfinance.gov/data-research/consumer-complaints/search/?dataNormalization=None&dateRange=3y&date_received_max=2020-08-24&date_received_min=2017-08-24&has_narrative=true&searchField=all&searchText=security%20credit%20systems%2C%20in&tab=Map

The search of the Consumer Financial Protection Bureau complaints database, reports 125 recent complaints. We can only imagine how many more additional unreported complaints for deceptive debt collection practices are out there, as it seems that this is the modus operandi for this company.

17. There is no question that Defendant's above-described reporting made pertaining to Faljean's alleged debt, were in fact made in violation of numerous and multiple provisions of the FDCPA, including but not limited to U.S.C. 1692c(a)(2), 1692e, 1692e (2), 1692(e)(4), 1692e (5); 1692e (8); 1692e (10); 1692f; 1692f (1); 1692g (b) New York General Business Law; amongst others.

## FIRST CLAIM FOR RELEIF

### V.  FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) VIOLATIONS AGAINST THE DEFENDANT

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

19. Plaintiff allegedly owes a debt purportedly owed to an original creditor St. Thomas University which was transferred, assigned or sold to SCS for collections.

20. The alleged debt was transferred to the Defendant, SCS for collections against and from the Plaintiff. In Skinner, The Court held "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are considered debt collectors. In addition, the primary purpose of Defendant's business is premised as an established debt buyer and debt collector. Skinner v. LVNV Funding, LLC, 2018 WL 319320.

21. 15 U.S.C.§1692c(a)(2) states in relevant part that: It is prohibited to contact the consumer "after it knows the consumer to be represented by an attorney unless the attorney consents or in unresponsive".

22. 15 U.S.C.§1692e states in relevant part that: "Any debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

   **(2)**   The false representation of-
   **(A)** the character, amount, or legal status of any debt; or

   (4)   Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

   (5)   Threaten to take any action that cannot legally be taken or that is not intended to be taken

   **(8)**   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

   **(10)**   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. <u>15 U.S.C.§1692f states in relevant part that:</u> "any unfair or unconscionable means to collect or attempt to collect the alleged debt"

> (1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law"

24. <u>15 U.S.C.§1692g(b) states in relevant part that:</u> "collector must cease collection efforts until the debt is validated"

Defendant, SCS intentionally harassed Faljean by using scare tactics to force him to pay.

25. The Defendant violated numerous provisions of the FDCPA. The Defendant's willful and intentional violations include but are not limited to the following:

> (a) § 1692c(a)(2): Upon information and belief, the Defendant, SCS, contacted Faljean via voice message on August 24, 2020, after they have received the response to the validation letter mailed to them on August 21, 2020. Therefore, the Defendant practices a method of harassment by contacting the consumer even after they have received a letter informing them that he is represented by an attorney.

> (b) §1692e (2): Upon information and belief, the Defendant, SCS, misrepresented the character, amount and legal status of the debt suggesting that the status will be a judgment before he returns from his military boot camp. Additionally, he misrepresented the amount due by telling Faljean he owed $2,135.00 when in fact they sent a response due for $1,910.00.

> (c) §1692e(4): Upon information and belief, the Defendant, SCS, misrepresents to Faljean that nonpayment will result in a judgment before he returns in two months and that the military will know about it and garnish his salary for 10%.

> (d) §1692e(5): Upon information and belief, the Defendant, SCS, threatened Faljean that he would be sued and have a judgment and garnishment before he returns from military boot camp. This action cannot be taken right now as in most counties there is no filing of lawsuits in state court due to Covid-19; but even if it would be filed, the time it would take to get a judgment would be months or years later then the two months it would take for him to return from boot camp; and since Faljean made SCS aware that he was going to the military, SCS would be on notice and would not be able to serve the consumer during this time. Thus, it is an impossibility for SCS to get a judgment against Faljean in this time frame.

(e) §1692e(8): Upon information and belief, the Defendant SCS, threatened Faljean with a judgment and that they would report it on his credit report before Faljean would return from his two months of military boot camp. And since they could not possibly get a judgment in this time, then this too is an impossibility to correctly report to his credit report.

(f) §1692e(10): Upon information and belief, the Defendant SCS, falsely represented in multiple forms in order to collect this alleged debt before his 30 day validation period is over and by misrepresenting a judgment, a garnishment, a negative credit report, and overall threatening and harassing him by representing him that the military would be made aware, thus implying that this would have an effect on his military service.

(g) §1692f: Upon information and belief, the Defendant SCS, has used unconscionable means to attempt to collect a debt regardless of the laws.

(h) §1692f(1): Upon information and belief, the Defendant SCS, is trying to collect a debt that is not permitted by law since the alleged debt was for the spring semester of college and Faljean withdrew from college in the fall semester. According to one of Mr. Grants initial conversations, the debt was for the fall semester for which he never attended and Faljean does not believe that he had ever signed a promissory note or contract because this alleged debt would have been due to his grant being withdrawn and not because he agreed to this debt. The response by SCS to the request to verify the debt shows a self-serving invoice only; and does NOT include a signed contract; a signed promissory note; a signed agreement of any kind in which Faljean agreed to pay this debt. See **Exhibit "D"**.

(i) §1692g(b): Upon information and belief, the Defendant SCS, cannot perform collection efforts until the debt is validated. Faljean requested validation of the debt on August 21, 2020 and SCS could not collect until after SCS had responded with all of the evidence of the debt.

As a result of each of SCS's willful and intentional violations of the FDCPA, Faljean has been anxious and scared that this will affect his joining the military boot camp on or about August 25, 2020. The Defendant is liable to Faljean for a declaratory judgment that the Defendant's conduct violated the FDCPA and that SCS cease collection activities immediately; actual damages pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 from the Defendant SCS pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from SCS pursuant to 15 U.S.C. §1692k(a)(3).

## SECOND CLAIM FOR RELIEF

### VI.   NY GENERAL BUSINESS LAW §349 AS AND AGAINST DEFENDANT

26. The Plaintiff repeats and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

27. The Plaintiff is a "consumer" as that term is defined in the GENERAL BUSINESS LAW§ 349of New York.

28. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

29. Plaintiff allegedly owes $2,135.00 to SCS whose debt initiated from the original creditor St. Thomas Aquinas. The alleged debt was transferred, assigned or sold to SCS for collections.

30. The Defendant, SCS was and is respectively a "debt collector" as that term is defined by applicable provisions of the GBL§ 349.

31. Specifically, Defendant is liable to Faljean pursuant to GBL §349 which states in relevant part that:
"Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

32. Upon information and belief, the Defendant, SCS is threatening and harassing Faljean to get a judgment in less then 2 months; to garnish his salary for 10%; to notify the military; to report a judgment to his credit report; all falsely represented to Faljean.

33. Plaintiff has suffered both non-pecuniary damages by the fear, anxiety and stress caused by SCS. *See* **Exhibit "B"; Affidavit of Merit**

As a result, the defendant is liable under GBL § 349 violations and penalties.

## TRIAL BY JURY

30. The Plaintiff is entitled to and hereby respectfully demands a trial by jury pursuant to US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the defendant for the following:

   A. Declaratory judgment that the Defendant's conduct violated the FDCPA and must cease;

B.  Actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for Plaintiff;

C.  Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1) against the Defendant for the Plaintiff;

D.  Declaratory Judgment pursuant to New York General Business Law §601.

E.  Actual and punitive damages pursuant to GBL §349.

F.  Actual and punitive damages pursuant to §1692c; §1692e; §1692f; and §1692g

G.  Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant for the Plaintiff; and

H.  For such other and further relief as the Court may deem just and proper.

Dated this 10th day of September, 2020.

Respectfully submitted,

/s/ Darren Aronow
Darren Aronow, Esq.
Attorney for the Plaintiff
Aronow Law, PC
7600 Jericho Tpke, Suite 115
Woodbury, NY 11797
516-762-6695 phone
516-342-5364 fax